■ HERBERT GLADSTONE, Appellant, v LYNN DINETTES, INC., et al., Respondents. (Action No. 1.) HERBERT GLADSTONE, Appellant-Respondent, v HYMAN LYNN et al., Respondents-Appellants. (Action No. 2.)

We agree with the trial court's determination that the defendant Hyman Lynn did not breach his fiduciary duty as a 50% shareholder and director of Hodor Industries Corp. (hereinafter Hodor) when he established Lynn Dinettes, Inc. Although both companies are engaged in the furniture business, Hodor's stores are located in the New York City metropolitan area, while the stores of Lynn Dinettes, Inc. are located in Florida. Prior to establishing the new business, the defendant Lynn discussed the matter with Hodor's attorney and with the plaintiff and Harold Green, the other two shareholders of Hodor. Thereafter, the three individuals, as the sole shareholders of Hodor, each signed an agreement dated February 12, 1974, expressly confirming that the defendant's proposed Florida business did not constitute a corporate opportunity of Hodor and that Hodor had no interest therein. For the greater amount of time, Hyman Lynn devoted his energies and talents to Hodor, traveling to Florida on alternate weekends. While the operations of the two companies were in many respects similar, it is clear that Hodor did not suffer any damage as a result thereof.

Moreover, the defendant Hyman Lynn made a timely application for indemnification of attorneys' fees, and, as he raised meritorious issues during this litigation, a hearing should have been scheduled on the issue at the conclusion of the trial (see, Business Corporation Law § 724).

We have considered the plaintiff's remaining contentions and find them to be without merit. Brown, J. P., Weinstein, Spatt and Balletta, JJ., concur.